* Curia, per Sutherland, J.
This case is distinguishable in only two particulars, from that of Goodell v. Jackson, (20 John. 188 and 693 :) 1. In that case it appeared that the Indian who made the grant, resided with the tribe of Oneida Indians; 2d. He expressed his dissent from the grant, by subsequently conveying to another. In this case neither of those facts exist; nor do, they appear to me to be material.
The opinion of Kent, 0., in Goodell v. Jackson, which was concurred in by the court of errors, decides, that by the constitution and statute law of this state, no white person can purchase any title to land, from any one or more Indians, either individually or collectively, without the authority and consent of the legislature; that it was immaterial *190 from what source the property proceeded, and whether it was owned by tribes, families or individuals; that if it be Indian property in land, it is protected by our constitution and laws.
Heither the terms nor spirit of the constitutional provisions, are confined to Indians residing with their tribe. After it has been decided that these provisions extend to the individual property of a single Indian, acquired by purchase, or as the reward of his military services, they must be held to apply, whether the Indian reside within the body of his nation, or separate and apart from them. It is analogous to the disability of infants to contract, in not depending on the actual capacity to protect his own rights. There must be judgment for the plaintiff, with leave to the defendant to withdraw the demurrer, and rejoin on pay ment of costs. [1]
Eule accordingly.

 The following are the provisions of the New York Revised Statutes on this subject:—
No purchase or contract, for the sale of lands in this state, made since the fourteenth day of October, one.thousand seven hundred and seventy-five, or which may hereafter be made, with the Indians in this state, is valid, unless made under the authority and with the consent of the legislature of this state.
No Indian, residing within this state, can make any contract for or concerning the sale of any lands within this state, or in any manner give, sell, devise, or otherwise dispose of any such lands, or any interest therein, without the authority and consent of the legislature of this state, except as hereinafter provided.
Any native Indian may, after the passage of this act, purchase, take, hold and convey lands and real estate, in this state, in the same manner as a citizen : and whenever he shall have become a freeholder, to the value of one hundred dollars, he shall be liable on contracts, and subject to taxation and to the civil jurisdiction of the courts of law and equity of this state, in the same manner and to the same extent as a citizen thereof. New York Rev, Stat p. 126, seca 11, 12,13.